UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   **Case No.**
STEPHANIE MESSAD KOUCHICH,

                    Plaintiff,   **COMPLAINT**

      - against -

                            **PLAINTIFF DEMANDS
                            A TRIAL BY JURY**

LIFETIME FITNESS, INC. d/b/a LIFE TIME FITNESS,
LTF CLUB OPERATIONS COMPANY, INC. d/b/a LIFE
TIME FITNESS, and LTF CLUB MANAGEMENT
COMPANY, LLC d/b/a LIFE TIME FITNESS

                    Defendants.
------------------------------------------------------------------X

      Plaintiff, Stephanie Messad Kouchich, by her attorneys, Phillips & Associates, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff Stephanie Messad Kouchich complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"), seeking to redress the injuries she has suffered as a result of being subjected to discrimination based on her race (Hispanic) and retaliation for complaining about said discrimination.

### JURISDICTION

2. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 as well as 42 U.S.C. §2000e-5(f)(3). The Court has supplemental jurisdiction over Plaintiff's NYCHRL claims pursuant to 28 U.S.C. § 1367(a).

3. The Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is proper in this District as a substantial part of the events giving rise to this action occurred within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated February 28, 2018, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This action is being commenced within 90 days of receipt of said Notice.

## PARTIES

8. Plaintiff Stephanie Messad Kouchich (also known as Stephanie Abud) is a resident of the State of New York, County of New York. Plaintiff is a Hispanic female.

9. Defendant Lifetime Fitness, Inc. is a domestic business corporation, licensed to conduct business in the State of New York, with its principal office located at 2902 Corporate Place, Chanhassen, Minnesota 55317.

10. Defendant LTF Club Operations Company, Inc. is a foreign business corporation, licensed to conduct business in the State of New York, with its principal office located at 2902 Corporate Place, Chanhassen, Minnesota 55317.

11. Defendant LTF Club Management Company, LLC is a foreign limited liability company, licensed to conduct business in the State of New York, which was incorporated in the State of Delaware.

12. At all times relevant herein, Plaintiff was employed by Defendants as a Personal Trainer / Group Fitness Instructor at Defendants' gym facility (the "Sky Club") located at 605 West 42nd Street, New York, New York 10036.

13. Defendants owned and/or operated the Sky Club at all times relevant herein.

14. The aforementioned Defendants are collectively referred to herein as the "Defendants."

## MATERIAL FACTS

15. Plaintiff Messad Kouchich began working for the Defendants on or about April 13, 2016 as an On-Boarding Specialist / Personal Trainer. In or around February, 2017, Plaintiff took on the additional role of Group Fitness Instructor. At the time of Plaintiff's termination, her annual salary was approximately $30,000.

16. Towards the end of October, 2016, Personal Training Manager, David Juhn, told the Plaintiff that General Manager, Ioana Zacharopoulou, had expressed to him that the Plaintiff did not "fit the image" she had for the Sky Club.

17. Thereafter, in December of 2016, Mr. Juhn began taking charge of lead distribution; in other words, Mr. Juhn distributed to the trainer of his choice each gym member interested in personal training sessions. Mr. Juhn, however, distributed mostly Hispanic or Black leads to the Plaintiff (a set of members that comprised the smallest demographic of Sky Club members).

18. Upon information and belief, Mr. Juhn deliberately discriminated against the Plaintiff on the basis of her race by channeling mostly Hispanic and Black leads to the Plaintiff, which put her at a distinct disadvantage by necessarily limiting her ability to build a roster of trainees.

19. In or around mid-March, 2017, the Plaintiff complained to Mr. Juhn about the disparate treatment she was encountering (on account of her race). She expressed her observation about being limited to Hispanic and Black leads and her frustration about how she could be expected to generate the same revenue as other trainers if their lead pool was significantly larger than her own.

20. Although Mr. Juhn did not deny the substance of Plaintiff's complaint of race discrimination, he criticized the Plaintiff's efforts to generate leads; however, Sky Club's other trainers were not obligated to generate their own leads and, upon information and belief, the other trainers generally did not do so.

21. Thereafter, on or about April 25, 2017, the Defendants placed the Plaintiff on a "performance improvement plan" notwithstanding the Defendants' role in impeding Plaintiff's ability to gain new gym member-trainees. Moreover, in April of 2017, even though Plaintiff was a part-time trainer, the performance improvement plan was conceived as though the Plaintiff was employed on a full-time basis.

22. In retaliation for Plaintiff's complaint of race discrimination, the Defendants issued to her a performance improvement plan, establishing a basis for her eventual retaliatory termination.

23. Following issuance of the performance improvement plan, the Plaintiff complained again to Mr. Juhn about the discriminatory assignment of leads, but Mr. Juhn did not seriously address her complaint or deny her accusation.

24. Meanwhile, the Defendants took actions that further prevented the Plaintiff from succeeding as a personal trainer. For example, on or about May 10, 2017, Mr. Juhn told Plaintiff that a member (of Asian descent) had cancelled her training session with the

Plaintiff.[1] However, when the Plaintiff encountered the member the following day, the member denied such cancellation and showed the Plaintiff her confirmation email. After finishing her session with another client, the Plaintiff saw the member leaving Mr. Juhn's office with trainer Jasper Jao (who is Asian). Although the member spoke fluent English, when Plaintiff confronted Mr. Juhn about this incident, Mr. Juhn told the Plaintiff, "It was a Mandarin situation." Thus, Mr. Juhn interfered with Plaintiff's ability to gain a new client and, furthermore, he clearly did so on a discriminatory basis.

25. On or about May 11, 2017, the Plaintiff complained to Assistant Personal Training Manager, Michael Coggins, about, *inter alia*, Mr. Juhn taking away her lead on the basis of race. Mr. Coggins declined to discuss the incident specifically but rather accused the Plaintiff of trying to pass the blame instead of taking responsibility for her own success. When Plaintiff complained about the small pool of leads she received as a result of her race, Mr. Coggins criticized her for complaining about the "certain collection of people [leads]" she received.

26. Furthermore, in or around mid-May, one of Plaintiff's trainees attempted to purchase training sessions to train with the Plaintiff.[2] However, the member subsequently told the Plaintiff that Mr. Juhn had told her to hold off on purchasing training sessions with the Plaintiff. Once again, Mr. Juhn actively hampered Plaintiff's ability to excel and perform her duties as a trainer. (The Plaintiff did not learn about this incident until approximately mid-June, 2016, after her termination from the Sky Club).

---

[1] The name of the member will be withheld for the purposes of this Complaint as it is a publicly-filed document.
[2] The name of the member will be withheld for the purposes of this Complaint as it is a publicly-filed document.

5

27. The Defendants terminated Plaintiff's employment on or about June 5, 2017. Mr. Juhn stated that the Plaintiff had failed to meet her revenue quota despite the fact she met the quota of a part-time trainer; Mr. Juhn wrongly insisted she was a full-time trainer. Mr. Juhn also told the Plaintiff she could no longer teach Group Fitness Classes even though her personal training duties were distinct from her duties as a Group Instructor. Finally, he told the Plaintiff she was no longer permitted on the premises of the gym.

28. As such, not only did the Defendants discriminate against the Plaintiff on the basis of her race in such a way as to impede her performance, but the Defendants also actively interfered with the Plaintiff's efforts to secure and retain trainees.

29. More egregiously still, the Defendants punished the Plaintiff for complaining of race discrimination by placing her on a performance improvement plan and then terminating her employment.

30. The foregoing constitute only some of the discriminatory acts to which Plaintiff has been subjected due to her race and/or in retaliation for her opposition to discrimination.

31. Plaintiff has been unlawfully discriminated against, humiliated, degraded, and victimized due to the above discriminatory conduct by the Defendants.

32. Plaintiff has been subjected to continuous racial discrimination by Defendants during the course of her employment, as alleged herein.

33. Plaintiff has been subjected to retaliation by Defendants because she engaged in a protected activity by opposing and objecting to Defendants' discriminatory conduct.

34. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

35. As a result of the acts and conduct complained of herein, Plaintiff has suffered loss of wages, benefits, and other such compensation, emotional distress, suffering, inconvenience, loss of enjoyment of life, damage to her reputation and other non-pecuniary losses.

36. Defendants' conduct was malicious, willful, and/or reckless and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against the Defendants, individually, jointly, and severally.

### FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

39. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her race.

### SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful

employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

42. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions and/or privileges of employment because of her opposition to the unlawful employment practices of the Defendants.

## THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL

43. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

44. The Administrative Code of City of NY § 8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

45. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her race.

## FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NYCHRL

46. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

47. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

48. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against the Plaintiff because of her opposition to the unlawful employment practices of the Defendants.

### FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL

49. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

50. New York City Administrative Code Title 8-107(13) (Employer liability for discriminatory conduct by employee, agent or independent contractor) states:

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

9

   (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

  c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

51. Defendants violated the above section as set forth herein.

## JURY DEMAND

Plaintiff hereby requests a jury trial.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants, individually, jointly, and severally:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by Title VII and the NYCHRL and that Defendants discriminated against Plaintiff because of her race and retaliated against her for complaining of such discrimination;

B. Awarding damages to Plaintiff resulting from Defendants' unlawful employment practices and conduct, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and/or physical injury, distress, pain and suffering and injury to her reputation;

D. Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of this action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:  Manhasset, New York
        April 17, 2018

By:

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

**Joshua P. Frank, Esq.**
**Dorina Cela, Esq.**
*Attorneys for Plaintiff*
1129 Northern Blvd., Ste. 404
Manhasset, NY 11030
(516) 365-3731
jfrank@tpglaws.com
dcela@tpglaws.com

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Stephanie Messad Kouchich<br>500 West 177th Street<br>New York, NY 10033 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-00574 | Philip Reo,<br>Investigator | (212) 336-3772 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,   2/28/18
District Director   (Date Mailed)

Enclosures(s)

cc:
Attn
Director of Human Resources
LIFETIME FITNESS, INC. D/B/A LIFE TIME FITNESS
2902 Corporate Place
Chanhassen, MN 55317

Joshua P. Frank, Esq.
PHILLIPS & ASSOCIATES
Attorneys at Law
45 Broadway, Suite 620
New York, NY 10006